IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 1:14-cv-846 |
| SURGICAL DEVELOPMENT PARTNERS, LLC; LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE TRAVIS SPECIALTY HOSPITAL, LLC, | § § § § § § | JURY |
| *Defendants*. | § | |

**PLAINTIFF WESTCHESTER FIRE INSURANCE COMPANY'S
COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff, Westchester Fire Insurance Company ("Westchester"), files this Complaint and Request for Declaratory Judgment against defendants, Surgical Development Partners, LLC ("SDP") and Lake Travis Transitional LTCH, LLC n/k/a Lake Travis Specialty Hospital, LLC ("LTT"), and in support respectfully shows the Court the following:

**PARTIES**

1. Plaintiff Westchester is a Pennsylvania corporation that has its principal place of business in Philadelphia County, Pennsylvania.

2. Defendant SDP is an Ohio limited liability company with its principal place of business in Williamson County, Tennessee. Upon information and belief and a diligent search of public records, SDP's members are citizens and residents of Tennessee or other states that do not include Pennsylvania. SDP has not appointed a registered agent in Texas, and therefore may be served with service of process through the Texas Secretary of State, who may forward the process to SDP at 201 Seaboard Lane, Suite 100, Franklin, Tennessee 37067.

3. Defendant LTT is a Texas limited liability company with its principal place of business in Williamson County, Texas. Its sole member, Transitional LTCH Holdings, is a Texas limited partnership with its principal place of business in Wichita County, Texas (involuntarily dissolved on September 28, 2012). Defendant LTT may be served with process through its registered agent, Robert Berry, 16747 Marsala Springs Drive, Round Rock, TX 78681.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(a)(1) and (2).

## FACTS

*The Underlying Lawsuit*

6. This is a coverage dispute arising out of the suit styled, Cause No. D-1-GN-12-000983; *Lake Travis Transitional LTCH, LLC n/k/a Lake Travis Specialty Hospital, LLC v. Lakeway Regional Medical Center, LLC, et al.*; In the 345th District Court of Travis County, Texas (the "Underlying Lawsuit").

7. A true copy of the most recent petition filed in the Underlying Lawsuit is attached to this complaint as Exhibit 1. The petition asserts as causes of action (a) breach of contract; (b) misappropriation of trade secrets; and (c) negligent misrepresentation.

8. Westchester initially denied coverage for the Underlying Lawsuit, but once LTT added its negligent misrepresentation claim, Westchester began defending SDP under a reservation of rights.

9. Trial in the Underlying Lawsuit concluded on August 28, 2014 and resulted in a jury verdict, a true copy of which is attached to this complaint as Exhibit 2. As shown in the jury verdict form, the parties tried the case only on two causes of action: breach of contract and negligent misrepresentation.

10. The jury findings include the following:

- SDP and its co-defendant, Lakeway Regional Medical Center ("LRMC"), failed to comply with a letter agreement with LTT dated September 15, 2009 (the "Letter of Intent");

- the breach of the Letter of Intent was not excused for either SDP or LRMC; and

- SDP and LRMC did not make a material misrepresentation on which LTT justifiably relied.

For the breach of the Letter of Intent, the jury awarded LTT $790,000 for loss in fair market value of confidential information, $0 as to lost profits, and $7,900,000 for lost fair market value of LTT.

11. Thus, LTT tried its case against SDP on two causes of action, breach of contract and negligent misrepresentation; Westchester defended SDP under a reservation based only on the negligent misrepresentation claim; and the jury found in LTT's favor only on the breach of contract count for which Westchester never recognized coverage.

*The Westchester Policy*

12. Westchester issued ACE Advantage® Miscellaneous Professional Liability Policy No. G24189739 002 to SDP for the period of February 9, 2012 to March 8, 2012, with limits of $5 million for each claim and in the aggregate (the "Policy") which is attached hereto as Exhibit 3.

*Bases for Lack of Coverage*

13. The Policy does not afford coverage to SDP for the jury verdict in the Underlying Lawsuit, or any judgment based on that verdict, for the following reasons.

*-- No Fulfillment of Insuring Agreement Due to Lack of a "Wrongful Act"*

14. The Policy's insuring agreement states in relevant party that "The Company will pay on behalf of the Insured all sums in excess of the Retention that the Insured shall become legally obligated to pay as Damages … because of a Claim … by reason of a Wrongful Act …."

15. The Policy defines "Wrongful Act" as "any actual or alleged negligent act, error, omission, misstatement, misleading statement or Personal Injury Offense committed by the Insured or by any other person or entity for whom the Insured is legally liable in the performance of or failure to perform Professional Services."

16. The Policy defines "Professional Services" as "only those services specified in Item 7 of the Declarations performed for others by an Insured or by any other person or entity for whom the Insured is legally liable." Item 7 of the Declarations, in turn, states, "Professional Services: Solely in the performance of providing back office management and consulting services for others."

17. The jury verdict in the Underlying Lawsuit, and any judgment based upon it, do not fulfill the foregoing requirements of the Policy's insuring agreement for two reasons.

18. First, breach of contract, categorically, is not a "Wrongful Act" as that phrase is defined by the Policy and construed by applicable legal authorities, or, as stated by some courts, does not involve "damages" the insured is "legally obligated to pay" by reason of a "Wrongful Act."

19. Second, the particular breach of contract the jury found in the Underlying Lawsuit is not a "Wrongful Act" or does not involve "damages" the insured is "legally obligated to pay" by reason of a "Wrongful Act." SDP's failure to comply with the Letter of Intent is not an "alleged negligent act, error, omission, misstatement, misleading statement or Personal Injury Offense," and it was not committed by SDP "in the performance of or failure to perform [the] Professional Services" of "providing back office management and consulting services for others."

*-- Exclusion C*

20. Exclusion C is a broad contractual liability exclusion. It states as follows:

> The Company shall not be liable for Damages or Claims Expenses on account of any Claim:
>
> * * *
>
> C.   alleging, based upon, arising out of, or attributable to any liability of others assumed by the Insured under any express, implied, actual or constructive contract or agreement, unless such liability would have attached to the Insured even in the absence of such contract or agreement.

21. At trial, LTT presented evidence of breach of multiple contract provisions by SDP and LRMC, as well as evidence that these breaches caused LTT damages. Breach of contract is the only theory upon which LTT prevailed and for which it received a damages award. Thus, the jury verdict imposes liability on SDP for damages on account of a claim alleging, based upon or arising out of an express and actual contract or agreement, and, given the jury's findings on the other causes of action, the liability would not have attached to SDP in the absence of the contract or agreement. Exclusion C, therefore, bars coverage.

*-- Exclusion D*

22.  Exclusion D bars coverage for any claim arising out of professional services performed for any entity if at the time the services were performed: "… any insured, or any other natural person or entity for whom or which an insured is legally liable, was a partner, director, officer or employee of such entity."

23.  Here, the uncontroverted testimony at trial was that

- Eddie Alexander has at all material times been both (1) SDP's chief executive officer, president, part owner, co-founder and board member, who is ultimately responsible for all of SDP's conduct; and (2) LRMC's board member;

- Frank Sossi has always had major roles for both SDP and LRMC, which vary slightly but immaterially by trial witness, as follows:

    - according to LTT's principal, Mr. Berry, Mr. Sossi is an attorney and board member of both entities;

    - according to Dr. DeMaio, one of LRMC's founders, Mr. Sossi is general counsel for both entities and a board member of SDP;

    - according to Mr. Alexander, whose roles are described above, Mr. Sossi is the attorney for both SDP and LRMC, and is LRMC's officer and the current interim board chair *ex officio*, but was never LRMC's board member with voting rights; and

    - according to Mr. Sossi himself, Mr. Sossi is SDP's founder, owner, officer and board member, and performed secretary services for LRMC's board; and

- SDP itself has at all material times been a part owner of LRMC.

24.  Thus, SDP, or a natural person or entity for whom or which SDP is legally liable, was at all material times a partner, director, officer or employee of LRMC, and Exclusion D applies to bar coverage.

## COUNT I – DECLARATORY JUDGMENT

25.  Westchester incorporates by reference all preceding paragraphs.

6

26. For the reasons stated above, Westchester requests the Court to grant a declaratory judgment establishing that its policy does not require Westchester to indemnify or otherwise provide coverage to SDP for or on account of the Underlying Lawsuit, the jury verdict in that suit or any judgment based on the jury verdict.

## **JURY DEMAND**

27. Westchester demands a trial by jury on all issues of fact, if any.

## **PRAYER**

For these reasons, Westchester asks for judgment against defendants and for the following:

    a. A declaratory judgment establishing that Westchester's policy does not require Westchester to indemnify or otherwise provide coverage to SDP for or on account of the Underlying Lawsuit, the jury verdict in that suit or any judgment based on the jury verdict;

    b. All other relief the Court deems appropriate.

Respectfully submitted on September 4, 2014:

*/s/ Joseph A. Ziemianski*

_____

Joseph A. Ziemianski
Attorney-in-Charge
Texas State Bar No. 00797732
Southern District of Texas Bar No. 25915
jziemianski@cozen.com

OF COUNSEL:

Bryan Vezey
Texas State Bar No. 00788583
Southern District of Texas Bar No. 19217
bvezey@cozen.com
COZEN O'CONNOR
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

ATTORNEYS FOR PLAINTIFF,
WESTCHESTER FIRE INSURANCE COMPANY